**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CALVIN B. SUMRELL, 01553398,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 3:13-CV-006-P** |
| ) | |
| **WILLIAM STEPHENS, Director, TDCJ,** ) | |
| **Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division

(TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Respondent is William Stephens, Director of TDCJ-CID.

**II.  Background**

Petitioner challenges his two convictions for possession of cocaine with intent to deliver.

*State of Texas v. Galvin Sumrell*, Nos. F-0757366 and F-0773543 (2nd Crim. Dist. Ct., Dallas

County, Tex., Jan. 23, 2009).  Petitioner was sentenced to forty-eight years in prison for each

case, to run concurrently.  On August 10, 2010, the Fifth District Court of Appeals affirmed the

convictions and sentences.  *Sumrell v. State*, No. 05-09-00238-CR and 05-09-00239-CR (Tex.

App. – Dallas 2010, pet. ref'd).  On January 26, 2011, the Court of Criminal Appeals refused

Petitioner's petition for discretionary review.

On April 20, 2012, Petitioner filed two state habeas petitions challenging his convictions. *Ex parte Sumrell*, No 78,220-01 (challenging cause number F07-57366) and No. 78,220-02 (challenging cause number F07-73543).   On August 22, 2012, Petitioner's first state habeas petition was dismissed for failure to comply with Texas Rule of Appellate Procedure 73.1.   On October 10, 2012, Petitioner's second state habeas petition was also dismissed as noncompliant. On October 17, 2012, Petitioner filed two additional state habeas petitions.   *Ex parte Sumrell*, No. 78,220-03 and -04).   On January 23, 2013, the Court of Criminal Appeals denied the petitions without written order on the findings of the trial court.

On December 27, 2012, Petitioner filed the instant habeas petition.   He argues:

1.      He was denied the right to counsel when he was not properly admonished regarding the dangers of self-representation;

2.      He received ineffective assistance of appellate counsel when counsel failed to argue that the state did not give ten days notice of its intent to amend the indictment; and

3.      He was denied due process when the court allowed the state to amend the indictment to delete the complainant's name.

On April 17, 2013, Respondent filed his answer arguing, *inter alia*, that the petition is barred by limitations.   Petitioner did not file a response.   The Court now finds the petition should be dismissed as time-barred.

<u>**Findings, Conclusions and Recommendation**</u>
<u>**of the United States Magistrate Judge**</u>      Page -2-

## II.  Discussion

### A.    Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes

a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective

Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  28 U.S.C. § 2244(d)(1)(A).[1]

In this case, on January 26, 2011, the Texas Court of Criminal Appeals refused the petition

for discretionary review.  The conviction became final ninety days later, on April 26, 2011.  *See*

---

[1]The statute provides that the limitations period shall run from the latest of--

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues).  Petitioner then had one year, or until April 26, 2012, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application.  28 U.S.C. § 2244(d)(2).  Petitioner's first two state habeas applications were dismissed because they failed to comply with the Texas Rules of Appellate Procedure.  They therefore were not "properly filed" within the meaning of § 2244(d).  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2).  Since Petitioner's first two state habeas applications were not properly filed, they did not statutorily toll the limitations period.  On October 22, 2012, Petitioner filed two additional state habeas petitions.  These petitions were filed after the one-year AEDPA limitations period expired.  They therefore did not toll the limitations period.

Petitioner was required to file his federal petition by April 26, 2012.  He did not file his petition until December 27, 2012.  His petition is therefore untimely.

## B.     Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d

710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

## RECOMMENDATION:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 18th  day of December,  2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided

by law.  Any party who objects to any part of this report and recommendation must file specific

written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED.

R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the

place in the magistrate judge's report and recommendation where the disputed determination is

found.  An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v.*

*United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).